UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.
ROBERT PERRY,

                      Plaintiff,

      - against -                                    **COMPLAINT**

FURMAN'S LAB LLC, and ENMANUEL DE JESUS,
*Individually*,

                      Defendants.
-------------------------------------------------------------------X

      Plaintiff ROBERT PERRY, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for **failure to pay minimum wage, overtime, spread-of-hours pay, unpaid tips**, and seeks to recover his unpaid wages, overtime wages, spread-of-hours pay, unpaid tips, and additional amounts as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiff also complains pursuant to the Wage Theft Prevention Act, New York Labor Law § 195 *et seq.* and seeks to redress the damages he has suffered as a result of Defendants' **failure to give him written notice of wage rates**, including, inter alia, his regular rate of pay and overtime rate of pay.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. § 216 (b)), §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

6. At all times relevant, Plaintiff ROBERT PERRY ("Plaintiff") was and is a resident of the State of New York and the County of Kings.

7. At all times relevant, Defendant FURMAN'S LAB LLC ("FURMAN'S LAB") was and is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York.

8. At all times relevant, Defendant FURMAN'S LAB was and is a domestic limited liability company which lawfully conducts business within the State of New York and the city of Brooklyn and owns, operates, controls, and/or maintains a coffee shop named "Furman's Coffee" located at 547 Nostrand Avenue, Brooklyn, NY 11216 ("the coffee shop").

9. At all times relevant, Defendant ENMANUEL DE JESUS ("DE JESUS") was and is an individual who was and is an owner, partner, or manager of Defendant FURMAN'S LAB.

10. At all times relevant, Defendant DE JESUS maintained control, oversight, and direction over Plaintiff's employment including timekeeping, scheduling, payroll, and other employment practices. Further, Defendant DE JESUS had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

11. Defendant FURMAN'S LAB and Defendant DE JESUS shall be referred to herein

2

together as "Defendants."

12. At all times relevant, Plaintiff was employed by Defendants as a barista at the coffee shop.

13. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, Defendants are liable, jointly and severably, as "employers" under the FLSA.

14. Upon information and belief, Defendant FURMAN'S LAB will gross more than $500,000.00 in this fiscal year. Further, Plaintiff was an individual engaged in interstate commerce or in the production of goods for interstate commerce. Significantly, as a barista, Plaintiff was tasked with, inter alia, selecting and ordering coffee beans, and preparing coffees made from coffee beans which were imported from outside the State of New York (and, notably, from continents such as South America).

## MATERIAL FACTS

15. On or about June 19, 2017, Plaintiff began working for Defendants at the coffee shop as a barista. Plaintiff ceased working for Defendants at the conclusion of his shift on August 17, 2017. Also, the policy of Defendants was to pay Plaintiff his earned tips at the end of a roughly 30-day period (and not to cash them out and pay the tipped employee at the end of his or her shift as is industry custom).

16. Throughout the entirety of Plaintiff's employment at the coffee shop, Defendants failed to pay Plaintiff the statutory minimum wage.

17. Insofar as is relevant, as part of the 2016-2017 New York State Budget, Governor Cuomo signed legislation enacting a progressive multi-year state minimum wage increase.

Significantly, as of December 31, 2016, the state minimum wage for employees who work in New York City for employers that employ 10 or fewer people, was increased to $10.50 per hour.

18. Upon information and belief, throughout the relevant period, Defendants employed 10 or fewer people at the coffee shop.

19. From approximately June 19, 2017 to approximately August 13, 2017, which is a period of approximately 8 weeks ("the 8-week period"), Plaintiff arrived at the coffee shop around 6:15 AM and left around 6:45 PM each and every day of the week (Monday through Sunday). Plaintiff worked through lunch each and every day. Accordingly, Plaintiff worked 12.5 hours each and every day of the week, which equates to approximately 87.5 hours worked per week each and every week (12.5 hrs./day x 7 days/wk. = 87.5 hrs./wk.)

20. During the 8-week period, Defendants failed to pay Plaintiff any money in wages. Thus, Plaintiff is owed $10.50 for each and every non-overtime hour worked during the 8-week period.

21. Accordingly, during the 8-week period, <u>Defendants failed to pay Plaintiff $3,360.00</u> for all non-overtime hours worked (8 wks. x $10.50/hr. x 40 hrs./wk.= $3,360.00).

22. During the 8-week period, Defendants failed to pay Plaintiff any money in overtime wages. Thus, Plaintiff is owed $15.75 (i.e., time and a half) for each and every overtime hour (i.e., any hours worked over 40 during a week) worked during the 8-week period.

23. Accordingly, during the 8-week period, <u>Defendants failed to pay Plaintiff $5,985.00</u> for all overtime hours worked (8 wks. x $15.75/hr. x 47.5 OT hrs./wk.= $5,985.00).

24. From approximately August 14, 2017 to approximately August 17, 2017, which is a

4

period of 4 days ("the 4-day period"), Plaintiff arrived at the coffee shop around 6:15 AM and left around 6:45 PM each and every day that week (Monday through Thursday). Plaintiff worked through lunch those days. Accordingly, Plaintiff worked 12.5 hours each and every day of that week, which equates to approximately 50 hours worked during the 4-day period (12.5 hrs./day x 4 days = 50 hrs. worked)

25. During the 4-day period, Defendants failed to pay Plaintiff any money in wages. Thus, Plaintiff is owed $10.50 for each and every non-overtime hour worked during the 4-day period.

26. Accordingly, during the 4-day period, <u>Defendants failed to pay Plaintiff $420.00</u> for all non-overtime hours worked ($10.50/hr. x 40 hrs. = $420.00).

27. During the 4-day period, Defendants failed to pay Plaintiff any money in overtime wages. Thus, Plaintiff is owed $15.75 (i.e., time and a half) for each and every overtime hour (i.e., any hours worked over 40 during a week) worked during the 4-day period.

28. Accordingly, during the 4-day period, <u>Defendants failed to pay Plaintiff $157.50</u> for all overtime hours worked ($15.75/hr. x 10 OT hrs./wk.= $157.50).

29. Insofar as is relevant, "spread-of-hours" pay is 1 hour of pay at the minimum wage rate that must be paid to employees when his or her workday exceeds 10 hours.

30. As stated above, Plaintiff worked each and every day from June 19, 2017 through August 17, 2017, which is a period of 59 days. As further stated above, on each and every one of those days, Plaintiff worked in excess of 10 hours per day (i.e., he worked 12.5 hours at the coffee shop each and every day).

31. Because Plaintiff is entitled to 1 hour of pay to be paid to him by Defendants at the minimum wage rate (i.e., $10.50) for each and every day in which his spread-of-hours

was beyond 10 hours per day, <u>Plaintiff is owed by Defendants $619.50</u> ($10.50/day x 59 days = $619.50).

32. **Accordingly, based on the foregoing, <u>Defendants owe Plaintiff $10,542.00</u> ($3,360.00 + $5,985.00 + $420.00 + $157.50 + $619.50) in unpaid wages, overtime wages, and spread-of-hours pay.**

33. Furthermore, following the enactment of the Wage Theft Prevention Act, Defendants did not provide Plaintiff at the time of hire with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, nor the address and phone number of the employer's main office or principal location.

34. Defendants did not provide Plaintiff with any written notice to Plaintiff regarding, inter alia, his regular rate of pay or overtime rate of pay. Because of this, Plaintiff is entitled to recover $50.00 for each work day that the violations occurred (capped at $5,000.00). *See* NYLL § 198. <u>Accordingly, because Plaintiff worked for Defendants at the coffee shop for 59 days while the violations occurred, he is owed $2,950.00</u> (59 days x $50.00/day = $2,950.00 owed).

35. Further, at the time Plaintiff ceased employment with Defendants, he was owed all the tips he had earned from August 1, 2017 through August 17, 2017, which equated to approximately $700.00 in credit card tips paid to him by customers. <u>As such, Defendants owe Plaintiff the $700.00 in earned tips unlawfully held by management.</u>

36. Defendants' failure to pay Plaintiff his proper earned wages required by law was willful. Also, Defendants' failure to give Plaintiff proper notice pursuant to the Wage Theft Prevention Act was willful.

37. Defendants' conduct has been malicious, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Liquidated and Punitive Damages.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### MINIMUM WAGE

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

39. Defendants willfully employed Plaintiff in the aforementioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate during certain periods of his employment.

40. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the Act was a direct violation of the Act, specifically 29 U.S.C. § 206.

41. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

42. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW § 652(1)
### MINIMUM WAGE

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

44. Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

45. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work during certain periods of his employment.

46. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

47. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

48. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

49. Defendants' actions were willful.

50. Defendants' failure to comply with the New York State Labor Law and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

51. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

52. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

53. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

54. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

55. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

56. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW
## OVERTIME

57. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

58. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

59. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL § 170.

60. Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

61. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

62. Defendants' failure to pay proper overtime wages is willful.

63. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to 100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

### AS A FIFTH CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW
### SPREAD-OF-HOURS PAY

64. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

65. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

66. Defendants failed to pay Plaintiff spread-of-hours wages, in violation of NYLL § 21(11) and N.Y. Comp. Codes R. and Regs. Tit. 12, § 142-2.4, which states that, "[a]n employee shall receive one hour's pay at the basic minimum wage rate in addition to the minimum

wage required in this part for any day in which ... the spread of hours exceeds 10 hours."

67. Defendants' failure to pay Plaintiff spread-of-hours wages was willful.

68. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants damages in the amount of unpaid spread-of-hours wages and an amount equal to 100% of Plaintiff's unpaid spread-of-hour wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A SIXTH CAUSE OF ACTION
## VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

70. Defendants failed to give Plaintiff written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage, in violation of NYLL § 195.

71. As this occurred for the entirety of Plaintiff's employment, he is entitled to the maximum amount available under the law.

## AS A SEVENTH CAUSE OF ACTION
## CONVERSION

72. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

73. Plaintiff has a possessory right or interest in property taken or held by Defendants.

74. Defendants' dominion over the property or interference with it is in derogation of

Plaintiff's rights.

75. Due to Defendants' unlawful actions, Plaintiff is entitled to recover his property from Defendants.

**WHEREFORE,** Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned wages, overtime wages, and spread-of-hour pay;

B. Declaring that Defendants engaged in unlawful practices prohibited under New York Law by taking or holding property which is the lawful possession of Plaintiff;

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Labor Law by failing to give proper notice pursuant to the Wage Theft Prevention Act;

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages, overtime wages, and spread-of-hours pay;

G. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
October 19, 2017

11

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
Ph: (212) 248-7431
Email: cwolnowski@tpglaws.com