UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERTS PERRY,

                              Plaintiff,

    -against-

FURMAN'S LAB LLC and ENMANUEL DE JESUS,

                              Defendants.
------------------------------------------------------------------ x

MEMORANDUM AND ORDER

17-cv-6107 (ENV) (RLM)

VITALIANO, D.J.

On October 19, 2017, Roberts Perry filed this suit against Furman's Lab LLC and Enmanuel De Jesus. He sought unpaid minimum wage and overtime payments, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1), and the New York Labor Law ("NYLL"), NYLL §§ 652(1)(a)(ii), 170. He also sought unpaid spread-of-hours pay under NYLL, 12 NYCRR § 146-1.6, civil damages for recordkeeping violations, pursuant to the New York Wage Theft Prevention Act ("WTPA"), NYLL § 195, and civil damages for common-law conversion of earned tips. *See* Compl. ¶¶ 1-2 (ECF No. 1). Having failed to answer or otherwise respond to the complaint, the Clerk of Court, on January 11, 2018, entered a certificate of default against both defendants. *See* Clerk's Entry of Default (ECF No. 13). Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, plaintiff moved for default judgment, *see* Mot. for Default J. (ECF No. 14), which, on March 27, 2018, was granted with respect to liability, with the balance of the motion referred to Chief Magistrate Judge Roanne L. Mann to conduct an inquest on damages. *See* Order Referring Mot. (Mar. 27, 2018).

In her Report & Recommendation ("R&R") as to damages, Judge Mann recommended the entry of judgment against both defendants, jointly and severally, in the total amount of $31,031.78: $3,780 in unpaid minimum wages, $6,142.50 for unpaid overtime, $619.50 in spread-of-hours pay, $2,950 in statutory damages for notice violations, $9,922.50 in liquidated damages, $700 in unpaid tips, $6,321.42 in attorney's fees, and $595.86 in costs. R&R at 16 (ECF No. 27). For the reasons set forth below, Judge Mann's R&R is adopted in its entirety as the opinion of the Court.

## Background

Perry met De Jesus while working at La Colombe coffee shop in Manhattan. R&R at 2. De Jesus proposed that they start a coffee shop together. *Id.* at 3. Perry agreed to take a 40% interest in the coffee shop, and De Jesus agreed to take a 60% interest. *Id.*[1] Plaintiff was to contribute his labor; De Jesus was to contribute his capital. *Id.* Most importantly, this agreement was never reduced to a signed writing. *Id.*

Perry began to work at the newly organized coffee shop, Furman's Lab, on June 19, 2017. *Id.* He worked approximately 87.5 hours per week for two months but received no pecuniary compensation other than cash tips and a check for one month of credit card tips. *Id.* The parties would trade bad faith charges, with Perry accusing De Jesus of withholding his 40% interest and De Jesus claiming that Perry had not done any work at Furman's Lab and that he, in any event, had not agreed to share equity in the business. *Id.*

---

[1] In his objections, De Jesus asserts that he was to take a 40% interest, and the remaining 60% was to be divided between Perry and Kyle Hart. Objs. at 1. The precise division of equity is of no moment to the resolution of this motion, so the Court need not consider the disagreement. Moreover, having defaulted, defendants are deemed to have admitted the well-pleaded allegations of the complaint, except as to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 168 (2d Cir. 1992).

With defendants failing to appear and contest damages at inquest, Judge Mann filed her R&R on August 31, 2018. *See* R&R. But, in an unusual twist, De Jesus filed timely objections to it on September 17, 2018. *See* Letter from Enmanuel De Jesus (ECF No. 29) ("Objs.").

Legal Standard

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district judge reviewing an R&R is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). "The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments." *Id.*

Discussion

Despite De Jesus's timely objections, defendants are not entitled to de novo review. Federal courts have overwhelmingly held that when a party does not raise an argument before a magistrate judge, it is precluded from raising it in its objections to an R&R. *See, e.g., Fairfield Fin. Mortg. Grp., Inc. v. Luca*, No. 06-cv-5962 (JS) (WDW), 2011 WL 3625589, at *2 (E.D.N.Y. Aug. 16, 2011); *Kennedy v. Adamo*, No. 02-cv-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006); *Wesley v. Alexander*, No. 99 Civ. 2168 (LAK), 2005 WL 1352593, at *6 (S.D.N.Y. June 8, 2005); *Haynes v. Quality Markets*, No. 02-cv-250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003); *accord Ridenour v. Boehringer Ingelheim*

3

*Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Fireman's Ins. Co. v. Todesca Equip. Co., Inc.*, 310 F.3d 32, 38 (1st Cir. 2002). Here, defendants did not even appear before Judge Mann. Any objection they have raised is improper. Moreover, because a limited liability company may not appear in federal court except through a licensed attorney, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007), De Jesus's objections may not be attributed to Furman's Lab LLC. As a result, the Court need only evaluate the R&R for clear error. However, out of an overabundance of solicitude to De Jesus, who is proceeding *pro se*, the Court will consider de novo components of the R&R to which he has objected.

I. Liability

After a notice of default has been entered, a defaulting party, generally, cannot contest liability. Instead, that party is limited to arguments regarding damages. *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009); *see also* note 1, *supra*. A court, however, always retains the discretion to determine whether a final default judgment is appropriate. *Finkel v. Triple A Grp., Inc.*, 708 F. Supp. 2d 277, 280 (E.D.N.Y. 2010) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). Indeed, awarding damages in the face of insufficient allegations, even after default judgment is entered, would be inconsistent with the threshold requirement that a complaint be well-pleaded. *See Levesque v. Kelly Commc'ns, Inc.*, No. 91 Civ. 7045, 1993 WL 22113, at *6 (S.D.N.Y. Jan. 25, 1993). Ultimately, it is this retained discretion that De Jesus seeks to tap, since his objections go only to liability.[2] Moreover, they do not address the adequacy of the pleadings but, rather, rely on new factual assertions. Therefore, his objections may be considered only if his default should now be excused.

---

[2] De Jesus's filing also accuses Perry of being a poor employee and stealing from the coffee shop, *see, e.g.*, Objs. at 3, but these allegations are irrelevant to the claims in this action.

4

The gateway to the relief De Jesus seeks is Rule 55(c), which permits a court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c).[3] It is a rule of thumb in the Second Circuit that three criteria bear on this determination: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96.

Applying this standard, De Jesus does not fare well. His excuses for his default are limited and stale by a year. They are a lament about debt and troubles at work and on the home front. *See* Objs. at 4. There is no hint of surprise, fraud, or attorney misconduct. Indeed, his excuses confirm that the default was "the result of a shortcoming more [intentional] than [caused by] negligence or even gross negligence." *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).[4] In fact, they confirm that plaintiff chose to attend to other priorities instead of complying with the summons and complaint he had received. De Jesus's excuses, in short, do not qualify as good cause. Moreover, as shown below, the lack of a meritorious defense is independently fatal to his effort to gain relief from the entry of default.

More specifically, the proffered meritorious defense tells of how he and Perry agreed by contract that Perry "was going to collect $15 dollars [*sic*] an hour for a maximum of 40 hours a week regardless of how many hours a week he went over." Objs. at 2. By his reading of the contract, De Jesus claims that Perry is not entitled to any pay beyond the 40-hour limitation.

---

[3] De Jesus has not styled his filing as a motion to set aside his default, but because he is proceeding *pro se*, the Court, out of solicitude, will construe his letter, in part, as such a motion. In a similar vein, though De Jesus's self-representation cannot cure the default of the defendant business entity, should he actually prevail on the merits and defeat liability, the Court will take notice of any such finding and make any modification of the judgment against the entity in the interest of justice.

[4] De Jesus's limited financial resources may render him unable to satisfy a judgment and explain his inability to hire an attorney, but they clearly provide no excuse for not filing an answer.

But, this is precisely the sort of employment arrangement that is unlawful under FLSA and NYLL. Bluntly, it is a textbook violation of 29 U.S.C. § 207. His defense is not a defense; it is a concession.

Struggling to stay afloat, De Jesus circles back to the idea that Perry was not an employee at all. He alludes to a partnership agreement, according to which De Jesus would own 40% of Furman's Labs LLC and somehow be entitled to 100% of the profits. Objs. at 1. While the math defies logic, assuming his "partnership" might qualify Perry as an "owner," it does not mean that he is not an "employee" for FLSA purposes. *See Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 450, 123 S. Ct. 1673, 155 L. Ed. 2d 615 (2003). That is because "employment under FLSA is a 'flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Godoy v. Rest. Opportunity Ctr. of N.Y., Inc.*, 615 F. Supp. 2d 186, 192 (S.D.N.Y. 2009) (quoting *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008)). "[P]utative co-owners" of a business may count as employees when they "assume[] the risks of loss and liabilities of the venture, and ha[ve] a real opportunity to share in its profits upon success," *id.* at 189, but here, even by De Jesus's account, Perry had no opportunity to share in the profits of the business. His proposed compensation was entirely in the form of wages and tips.[5]

Additionally, and crucially, there is absolutely no dispute that the partnership agreement was never reduced to a signed writing. The fact that the agreement was drafted but never signed strongly suggests that the parties did not mutually assent to its terms or intend to be bound by it.[6]

---

[5] Immaterially, De Jesus contends that Perry also enjoyed "first order of refusal when it came to selling" his share of the coffee shop. Objs. at 1.

[6] To determine whether an unsigned agreement creates a binding contract, courts in the Second Circuit consider several factors, but "whether there is an expressed reservation of the right not to be bound in the absence of a writing" is "frequently the most important." *Brown v. Cara*, 420

Given Perry's weeks of labor at the coffee shop, with no prospect of receiving a share of the profits or lawful wage and hour compensation, it is evident that he was an employee and that defendants were the employers. The proffered unsigned agreement offers no refuge.

In a nutshell, the effort by De Jesus to cure his default fumbles both required showings. Because his default is unexcused, his objections as to the finding of liability are not properly before the Court. In any event, as to the second prong, the objections lack substantive merit, meaning that the Court's finding of liability will stand undisturbed. Applying the clear error standard of review, *Dafeng Hengwei Textile Co.*, 54 F. Supp. 3d at 283, to ancillary findings of liability made by Judge Mann in her R&R, the Court has thoroughly examined those findings and concludes that they are correct, well-reasoned, and free of any clear error. Judge Mann conducted a further inquiry into "whether [plaintiff's] allegations establish [defendants'] liability as a matter of law," *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), and the Court adopts Judge Mann's R&R answering that question in the affirmative, which supplements the opinion of the Court on this issue.

II. <u>Damages</u>

The chief reason for the referral of plaintiff's motion for default judgment to Judge Mann was to conduct an inquest as to damages. But, because De Jesus has filed no objection as to Judge Mann's calculation of damages, the Court need only evaluate the R&R for clear error. *See*

---

F.3d 148, 154 (2d Cir. 2005); *see also Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc.*, 987 F. Supp. 2d 267, 279 (E.D.N.Y. 2013). Dispositively, De Jesus concedes that the parties intended "to review and . . . discuss it and make final revisions to [send to their] lawyers and sign," but Perry "never came around to signing the agreement." Objs. at 3. De Jesus appears to have brought up the subject of the agreement several times, which made Perry "extremely uncomfortable every time." *Id.* This suggests that the parties were several steps removed from a final agreement and did not expect to be bound until the agreement was signed.

*Dafeng Hengwei Textile Co.*, 54 F. Supp. 3d at 283. In accordance with this standard of review, the Court has carefully reviewed Judge Mann's R&R and, as it did with her analysis and recommendation as to liability, finds her analysis and recommendation as to damages to be correct, well-reasoned, and free of any clear error. That portion of the R&R is also adopted as the Court's opinion.

## Conclusion

For the foregoing reasons, Judge Mann's R&R is adopted, in its entirety, as the opinion of the Court, with judgment to be entered in favor of Perry, against Furman's Lab LLC and Enmanuel De Jesus, jointly and severally, in the amount of $31,031.78. This sum represents $3,780 in unpaid minimum wages, $6,142.50 for unpaid overtime, $619.50 in spread-of-hours pay, $2,950 in statutory damages for notice violations, $9,922.50 in liquidated damages, $700 in unpaid tips, $6,321.42 in attorney's fees, and $595.86 in costs.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this order to the *pro se* defendant, and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
October 28, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge